**ARROW DAIRY CO., Inc., v. UNITED STATES.**

No. 43836.

Court of Claims.
April 7, 1941.

H. G. Robertson, of Washington, D. C., for plaintiff.

D. F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case presents only an issue of fact. The Commissioner of Internal Revenue assessed against plaintiff a tax as a manufacturer of adulterated butter. The plaintiff says it manufactured no butter, adulterated or otherwise. This is the issue in the case. The proof is abundant that some of the butter sold by plaintiff was adulterated. If it manufactured any butter at all, it manufactured adulterated butter. The Commissioner of Internal Revenue estimated the amount manufactured by plaintiff from all the available evidence. The plaintiff did not introduce proof to show this estimate was too high because it says it did not manufacture any at all. Therefore, if we find plaintiff manufactured any butter, we must assume that the Commissioner has stated the correct amount.

A commissioner of this court has found that the plaintiff did manufacture butter. We have carefully examined the testimony and agree with the commissioner, notwithstanding the unequivocal statements to the contrary of three or four of plaintiff's officers and employees.

On December 16, 1936, an inspector of the Sanitary Department of the City of New York took samples of butter from a number of different cans in plaintiff's ice box where it stored articles it had on hand for sale. On analysis it proved to be adulterated, on account of its excessive water content. The plaintiff undertakes to explain its presence in its ice box by saying that one of its employees after hours the night before had churned into butter some sour cream that he had been ordered to destroy, and had put the resultant butter into the ice box without authority and without the knowledge of the management. There are a

number of things that make it impossible to believe these statements.

In the first place, plaintiff had on an upper floor a mixer peculiarly adapted to churning sour cream into butter, and on this floor were quite a number of cans such as the ones in which plaintiff put this butter, and in which it put similar butter sold to its customers.

Second. It seems unreasonable that the manager of the plant would have ordered six or seven hundred pounds of sour cream to be destroyed, since the proof shows that 75 percent of all the butter made in the country is made from such cream.

Third. It seems doubtful that plaintiff's employee would have churned this 150 pounds of butter and put it in the ice box for sale unless he had been instructed, or at least authorized, so to do.

Fourth. Plaintiff regularly sold similar butter to its customers.

Fifth. Plaintiff's president denied to the Acting Director of the Bureau of Food and Drugs of the City of New York that plaintiff had been whipping butter since September, but admitted it had been whipping it since the end of November or December. He made substantially this same admission to the Internal Revenue Agent.

Sixth. Plaintiff's treasurer admitted to an Internal Revenue Agent who interrogated him that plaintiff rechurned or whipped butter, and pointed out to him the machine used for this purpose. This man estimated they made 300 or probably 340 or 350 or 360 pounds of it a day.

Lastly. When on account of the churning of this sour cream plaintiff was charged by the City of New York with whipping butter without a permit and with possession of adulterated butter, it pleaded guilty.

In the face of all this, it is too great a tax on one's credulity to give credit to the statements of plaintiff's witnesses. Plaintiff's petition must, therefore, be dismissed. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice (concurring). This case involves simply one issue of fact.

The Commissioner of Internal Revenue assessed the plaintiff a tax as a manufacturer of butter. The contention is made by the plaintiff that no butter was manufactured by it during the months for which the assessment was imposed. The preponderance of the evidence establishes that the plaintiff manufactured butter during the period for which the tax was assessed.

The manufacture of butter by the plaintiff subjects it to the tax and the Commissioner of Internal Revenue was correct in making the assessment.

I concur in the dismissal of plaintiff's petition.